IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC WHITE, on behalf of himself and others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 19 CV 00114<br>) |
| v. | ) Hon. Charles R. Norgle<br>) |
| UNITED AIRLINES, INC. and UNITED CONTINENTAL HOLDINGS, INC., | )<br>)<br>) |
| Defendants. | ) |

## ORDER

The pending motions to appear pro hac vice [5] and [14] are granted. Defendants' motions to dismiss [17] and [20] filed before Plaintiff's amended complaint are denied as moot. Defendants' operative motion to dismiss [31] is granted. The case is dismissed with prejudice. The Clerk is directed to enter judgment in favor of Defendants pursuant to Fed. R. Civ. P. 58.

## STATEMENT

Plaintiff Eric White brings this putative class action under the Uniformed Services Employment and Reemployment Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, on behalf of certain current and former employees of United Continental Holdings, Inc. ("UCH") and United Airlines, Inc. ("UA") (collectively, "Defendants"). Plaintiff claims that Defendants, in violation of USERRA, failed to properly compensate employees who took short-term military leave and failed to properly credit those employees under the UCH Profit Sharing Plan ("the Plan"). In essence, Plaintiff claims Defendants should have paid him for his time on short-term military leave. Pending before the Court is Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted with prejudice.

The facts relevant to the determination of this matter are straightforward.[1] Plaintiff is a pilot for UA and for the United States Air Force Reserve. Plaintiff has served continuously as a pilot in the Air Force, including on active duty and on reserve duty, since 2000, which has overlapped with his employment with Defendants (or their predecessor company) since 2005. During that period, Plaintiff has routinely taken military leave, both short- and long-term, and Plaintiff (and other similarly situated individuals) has not been compensated when he takes short-term military leave[2] and has not been credited within the Profit Sharing Plan for that time (as the amount due under the Plan based in part on wages earned). Plaintiff alleges that this policy of non-payment has been in place at least since 2010 and may span back to 2006. On the other hand,

---

[1] These facts are drawn directly from Plaintiff's amended complaint and, at this stage of the litigation, are taken as true by the Court.
[2] In the amended complaint, Plaintiff describes short-term leave as leave of less than 30 days.

Defendants do pay employees for other types of short-term leave, including for jury duty and sick days, which Plaintiff claims are "comparable" forms of leave.

With respect to the Plan, Defendants offer a profit sharing award for eligible employees. The amount of profit each employee shares in is calculated based on a formula that includes, as part of the pay-out calculation, the wages the employee has earned in the relevant time period. Thus, if Plaintiff's wages increased based on payment for short-term military leave, his piece of the profit-sharing pie would grow proportionally, subject to the formula.

From these facts, Plaintiff brings three specific claims (each based on USERRA): first, per 38 U.S.C. § 4316(b)(1),[3] Plaintiff alleges it was a violation for Defendants to fail to pay wages during periods of short-term military leave; second, in essence, Plaintiff alleges Defendants' initial violations created an additional residual violation of 38 U.S.C. § 4316(b)(1) because it caused an improper reduction in the amount the employees would recieve under the Profit Sharing Plan; and, third, Plaintiff alleges that Defendants' failure to properly pay under the Profit Sharing Plan was an independent violation of 38 U.S.C. § 4318, which places certain requirements on employee pension benefit plans.

Defendants counter in several ways—including with a statutory interpretation-based argument that USERRA does not entitle Plaintiff to the type of pay for short-term military service that he claims. In the Court's view, this argument acts as a first domino that, if it falls, necessarily topples the second claim. The Court thus turns first to this issue before a discussion of Plaintiff's third claim.

In deciding this motion to dismiss, the Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 934 (7th Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief[.]" Id. at 934 (internal quotation marks and citation omitted) Legal conclusions pleaded within Plaintiff's complaint are not entitled to be taken as true. R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co., 895 F.2d 279, 281 (7th Cir. 1989).

In a nutshell, Plaintiff argues that Defendants, given their policy of compensating employees for certain other types of short-term leaves of absence, should be required to pay Plaintiff for his time on short-term leave in military service. The basis for this claim, Plaintiff argues, stems from the language of Section 4316(b)(1) and the definition of the word "benefit" within the statute at 38 U.S.C. § 4303(2).

Paraphrasing slightly, Section 4316(b) provides that individuals who are absent from work due to service in the military shall be "entitled to such other rights and benefits . . . as are generally provided by the employer" to employees who are on furlough or leave of absence "under a contract, agreement, policy, practice, or plan in effect[.]" 38 U.S.C. § 4316(b)(1)(B). The phrase

---

[3] This provision reads, in relevant part:

> (b)(1) . . . a person who is absent from a position of employment by reason of service in the uniformed services shall be—
>
> > (A) deemed to be on furlough or leave of absence while performing such service; and
> >
> > (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

"rights and benefits" is defined in the statute as:

> The term "benefit", "benefit of employment", or "rights and benefits" means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

38 U.S.C. § 4303(2). From this text, Plaintiff argues that because Defendants have a policy of paying out sick days and days spent on jury duty—a benefit granted to employees in those situations—Defendants are required to pay service members for their time in which they are absent from work because of military service. The argument basically has three steps. First, jury duty pay (for example) is a benefit within the meaning of the statute that is given to other employees. Second, short-term military leave is similar in nature to jury duty. Therefore, third, short-term military service should be treated similarly to jury duty and to withhold pay from one and not the other is to deprive the service members of a benefit (wages) to which they are statutorily guaranteed. Plaintiffs point to no controlling court that has extrapolated private, fully-paid military leave stemming from a business's policy of paying individuals who miss work for jury duty or due to illness. To support this theory, Plaintiff cites non-binding or slightly off-target authority.

On the other side, Defendants point to clear pronouncements, including from the Seventh Circuit, stating that USERRA does not require private businesses to provide paid military leave. E.g. Miller v. City of Indianapolis, 281 F.3d 648, 650 (7th Cir. 2002) ("USERRA prohibits discrimination by, among other things, denying any benefit of employment on the basis of the employee's membership in the uniformed services. It does not expressly require paid military leave."). Federal agencies tasked with implementing USERRA have made similar pronouncements. E.g. 20 C.F.R. § 1002.7(c) ("USERRA does not require an employer to pay an employee for time away from work performing service."); 20 C.F.R. § 1002.7(d) (2005) ("even though USERRA does not require it, an employer may provide a fixed number of days of paid military leave per year"); U.S. Dep't. of Justice, *Employment Rights of the Nat'l. Guard and Reserve*, pp. 31 (USERRA "requires only an unpaid leave of absence.").

To be clear, Plaintiff is not arguing for a per se requirement that all businesses pay for employees' short-term military leave; it is arguing that businesses like Defendants with a policy of paying individuals to attend jury duty must pay for service members' short-term leave. This argument lacks merit. If Congress had intended to create a statutory regime in which any company which offers paid leave for jury duty was also required to pay for service members' leaves of absence, it would have done so clearly. As noted above, it is well established that Congress did not intend to create a universal requirement for private businesses to pay for reservists' absences, and it is contrary to any reasonable interpretation to hold that the language of the statute should be interpreted as what is essentially a de facto rule swallowing that previously clear pronouncement. See Monroe v. Standard Oil Co., 452 U.S. 549, 564 (1981) ("If Congress had wanted to impose an additional obligation upon employers, guaranteeing that employee-reservists have the opportunity

to work the same number of hours, or earn the same amount of pay that they would have earned without absences attributable to military reserve duties, it could have done so expressly.").[4]

To that end, and with the above in mind, the Court agrees with Defendants' textual analysis. It is contrary to the express language of the statute to hold that a business is required to pay a reservist wages for time not worked. Moreover, the Court disagrees with the contention that jury duty is comparable in nature—in the way that Congress intended—to reservist duties. Although both may be sporadic and uncontrollable in timing, all citizens (including those in reserve military roles) are subject to jury duty simply by nature of living in America, whereas military duties— which no doubt are honorable and likewise essential to our society—are voluntarily joined (in present times).

In short, if businesses were to be required to pay for short-term military leaves of absence simply because they offer sick days or pay for jury duty, it is this Court's view that it is within Congress's discretion to make that decision, and it has not done so under the current language in Section 4316.

As to Plaintiff's second claim, the Court agrees with Defendants that because Plaintiff has not been denied a "right and benefit" to which he was entitled, he cannot state a claim.

Finally, with respect to Count III, Plaintiff alleges that Defendants violated USERRA § 4318 by failing to treat military leave as service with the employer for purposes of calculating benefits under the Plan as required by the statute. Defendant argues that the Plan at issue is not an "employee benefit pension plan" covered by Section 4318 and that the claim thus fails. Specifically, Defendants argue that an "employee benefit pension plan" under Section 4318 are limited to (1) those that qualify as pension plans under ERISA § 3(2), 29 U.S.C. § 1002(2) or (2) plans of the character specifically referenced in a Department of Labor regulation codified at 20 C.F.R. § 1002.260(a), which states that "[A]ny such [ERISA-covered] plan maintained by the employer or employees is covered under USERRA" and states that USERRA also covers certain pensions plans not covered by ERISA, such as those sponsored by a State, government entity, or church for its employees." Id. The Court agrees that "such as" is a "phrase of general similitude indicating that there are includable other matters of the same kind which are not specifically enumerated by the standard." Donovan v. Anheuser-Busch, Inc., 666 F.2d 315, 327 (8th Cir. 1981). Put differently, because Defendants are not of a similar character to those enumerated exceptions—and indeed, are instead a private business—the Court holds the Plan falls outside of the type contemplated by Section 4318 and thus Plaintiff's third count is dismissed.

In sum, each of Plaintiff's arguments fail as a matter of law, and thus the case is dismissed with prejudice.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: July 10, 2019

---

[4] Where Congress has sought to impose obligations on an employer to pay for military-related leave time (namely, in the case of the federal government), it has done so explicitly. See 5 U.S.C. § 6323(a)(1).

4